IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                                  No. 2:10-cv-02114 MCE KJN PS

    v.

JANICE M. CONROY, Individually and
d/b/a WHISKEY DICKS, et al.,

    Defendants.                              ORDER

_____/

        On March 31, 2011, this case was before the undersigned for a status (pretrial scheduling) conference, and only plaintiff and defendant Raymond W. Hadley filed a status report in advance of the status conference (Dkt. No. 24).[1]  Plaintiff, who is an attorney, appeared on his own behalf.  Defendants Janice M. Conroy, Raymond W. Hadley, and Evelyn Cenidoza are proceeding without counsel, and each appeared on his or her own behalf.[2]  No appearance

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Ms. Cenidoza's husband, who is not an attorney, was also present.  Plaintiff sued Ms. Cenidoza individually and doing business as Lake Tahoe Asian Store. (Compl. at 1.)  Mr. Cenidoza represented on the record at the status conference that Lake Tahoe Asian Store went "out of business" on or about December 31, 2010.

1

was entered on behalf of defendants Ariel Sanchez, Eugene Fisher, and Carole Ann Fisher; the Clerk of Court previously entered default against these three defendants (Dkt. No. 23).[3]

As a result of the state of the pleadings on file, and for the reasons discussed at the status conference, the undersigned will not enter a status (pretrial scheduling) order at this time and, instead, will set another status (pretrial scheduling) conference. Briefly stated, the undersigned expressed concerns at the status conference regarding the sufficiency of the allegations contained in plaintiff's complaint. Those allegations do not in all instances apprise each of the named defendants of the specific allegations that support the claims against him or her. Moreover, the undersigned expressed concern, without prejudging the matter, regarding the ability of the court to enter a default judgment against any of the defaulting parties were plaintiff to file motions seeking default judgments against those defaulting defendants based upon the allegations in the current complaint.

Thus, the undersigned expressed an inclination to dismiss *sua sponte* plaintiff's complaint with leave to file a first amended complaint after providing notice to plaintiff and an opportunity to file a written opposition to such a proposed dismissal. See Lee v. City of L.A., 250 F.3d 668, 683 n.7 (9th Cir. 2001) (noting that a trial court may dismiss a claim *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) if it gives notice of its intention to dismiss and affords the plaintiff an opportunity to at least submit a written memorandum in opposition to such motion). No such *sua sponte* dismissal will be entered, however, because plaintiff voluntarily requested leave of court to file a first amended complaint that clarifies his claims against each defendant. Plaintiff also agreed to set aside the defaults entered against defendants Ariel Sanchez, Eugene Fisher, and Carole Ann Fisher, subject to the re-entry of such defaults by the Clerk of Court if these defendants fail to file a timely answer to the first amended complaint.

---

[3] Plaintiff voluntarily dismissed defendant Aloha Hair & Nail Salon without prejudice on March 1, 2011. (See Dkt. Nos. 19, 21.)

Finally, the court advised defendants Conroy, Hadley, and Cenidoza that the letters that each of these defendants previously filed with the court (Dkt. Nos. 6, 7, 9) do not constitute legally sufficient answers to the complaint. See Fed. R. Civ. P. 8. The court advised defendants Conroy, Hadley, and Cenidoza that they need to follow the Federal Rules of Civil Procedure and the court's Local Rules, the latter of which are available at the Office of the Clerk, in filing an answer to the first amended complaint.[4] The court further admonished these defendants that their failure to do so could result in the entry of default and a default judgment against each of them.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Pursuant to plaintiff's request, plaintiff's complaint is dismissed without prejudice. Plaintiff shall have 21 days from the date of entry of this order within which to file and serve an amended complaint entitled "First Amended Complaint." Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. An amended complaint must be complete in itself. See E. Dist. Local Rule 220. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the prior complaints no longer serve any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

2. The defaults entered by the Clerk of Court against defendants Ariel

---

[4] The court also admonished the defendants who appeared at the status conference that it is their responsibility to keep plaintiff and the court apprised of any changes to their respective addresses and telephone numbers. See E. Dist. Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made.").

1  Sanchez, Eugene Fisher, and Carole Ann Fisher (Dkt. No. 23) are set aside.

2     3. Each defendant shall file an answer to plaintiff's first amended complaint
3  within 14 days of service of that amended pleading.

4     4. The undersigned shall conduct a status (pretrial scheduling) conference in
5  this matter on June 23, 2011, at 10:00 a.m., in Courtroom 25.  All parties shall file status reports,
6  preferably a joint status report, *at least 14 days in advance of the status (pretrial scheduling)*
7  *conference*.  Failure to do so may result in the imposition of sanctions, including monetary
8  sanctions.

9     IT IS SO ORDERED.

10  DATED:  March 31, 2011

                _____
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE